# Court of Appeals, State of Michigan

## ORDER

In re Petition of Tuscola County Treasurer for Foreclosure

Docket No.     328847

LC No.     14-028294-CZ

Kathleen Jansen
Presiding Judge

William B. Murphy

Michael J. Riordan
Judges

The Court orders that the October 10, 2016 opinion is hereby AMENDED to correct a clerical error. The opinion is corrected to read November 10, 2016 as the date of the opinion.

In all other respects, the opinion remains unchanged.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

NOV 1 4 2016
Date

Chief Clerk

*In re* PETITION OF TUSCOLA COUNTY TREASURER FOR FORECLOSURE.

| | |
|---|---|
| TUSCOLA COUNTY TREASURER, | FOR PUBLICATION<br>October 10, 2016<br>9:05 a.m. |
| Petitioner-Appellant/Cross-Appellee, | |
| v | No. 328847<br>Tuscola Circuit Court |
| JENNIFER A. DUPUIS, | LC No. 14-028294-CZ |
| Respondent-Appellee/Cross-Appellant. | |

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Petitioner appeals as of right the order granting respondent conditional relief from an earlier judgment of foreclosure of her property. Respondent cross-appeals that same order on the basis that MCL 211.78k(5)(g) is unconstitutional. We reverse and vacate.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from the foreclosure of respondent's property, which is located in Arbela Township. The property became delinquent on property taxes for 2011 and 2012. On January 23, 2014, petitioner granted respondent a financial hardship deferral, which required respondent to pay the 2011 taxes by June 1, 2014, and to pay $300 per month for the 2012 taxes. However, respondent did not pay the 2011 or 2012 taxes pursuant to the financial hardship deferral.

On May 14, 2014, petitioner filed a petition of foreclosure for properties with unpaid property taxes for 2012 and prior years, and respondent's property was incorporated in the petition. Respondent was provided with notice regarding a January 21, 2015 show-cause hearing and a February 2, 2015 foreclosure hearing. Respondent does not argue that she did not receive these notices. Petitioner also filed with the court proof of publication and proof of personal visits to the property.

On February 2, 2015, following a hearing, the circuit court entered a final judgment of foreclosure on the property. The judgment ordered that fee simple title would vest on March 31, 2015, and respondent would lose all rights of redemption, unless the delinquent taxes were paid before that date. The order further provided:

> This judgment is a final order with respect to the property affected by this Judgment and except as provided in MCL 211.78k(7) shall not be modified, stayed, or held invalid after March 31, 2015 unless there is a contested case concerning a parcel in which event this final judgment, with respect to the parcel involved in the contested case, shall not be modified, stayed, or held invalid 21 days after the entry of the judgment in the contested case.

Another notice was sent to respondent, informing her that she had to pay the delinquent taxes by March 31, 2015, in order to redeem the property. Respondent does not challenge whether she received the notice. Respondent did not pay the delinquent taxes by March 31, 2015. The auction on the property was scheduled for August 26, 2015.

On August 3, 2015, respondent filed a motion to conditionally set aside the judgment of foreclosure pursuant to MCR 2.612(C)(1)(f). Respondent explained in an affidavit included with the motion that the foreclosure was the result of past hard times and a misunderstanding with township officials. Specifically, respondent stated that she fell on hard times after her husband broke his back and that a township board member told her that she needed to pay the delinquent taxes by May 2015. According to respondent, she submitted $6,000 to petitioner in early May 2015, but petitioner returned the money to her by mail about a month later. Respondent stated that she had all the funds needed to pay the entire tax deficiency in full, including penalties, costs, and expenses, and she had finally located an attorney who could help her.

Petitioner responded on August 6, 2015, contending that the circuit court lacked jurisdiction because the judgment of foreclosure was entered, the redemption period expired, and respondent was not claiming a denial of due process. Petitioner further argued that, even if the court had jurisdiction, it should not grant relief under MCR 2.612(C)(1)(f) because respondent's position "is solely the result of her actions and inactions." During a hearing on August 10, 2015, the circuit court granted respondent's motion, stating that it had "equitable jurisdiction," and that granting the motion is "the appropriate thing to do." The court explained that it "may be wrong" on the jurisdictional issue, but the court preferred to err on the side of doing the appropriate thing. The court then entered an order granting respondent conditional relief from the judgment of foreclosure, which directed petitioner to convey the property back to respondent conditioned on respondent's payment of all delinquent taxes, interest, penalties, and fees by August 20, 2015. Respondent paid the taxes, interest, penalties, and fees within the time frame, and no auction occurred.

## II. STANDARD OF REVIEW

We review de novo the question whether the circuit court had jurisdiction to enter the order granting conditional relief. *In re Petition by Wayne Co Treasurer*, 265 Mich App 285, 290; 698 NW2d 879 (2005). The issue whether a statute is unconstitutional because it violates the separation of powers doctrine is a question of law, which we review de novo. See *Phillips v*

*Mirac, Inc*, 470 Mich 415, 422; 685 NW2d 174 (2004); *Okrie v Michigan*, 306 Mich App 445, 453; 857 NW2d 254 (2014).

## III. JURISDICTION

Petitioner contends that the circuit court did not have jurisdiction to enter the order granting respondent conditional relief from the judgment of foreclosure. We agree.

"Jurisdiction is a court's power to act and its authority to hear and decide a case." *Riverview v Sibley Limestone*, 270 Mich App 627, 636; 716 NW2d 615 (2006). "[A] court must take notice when it lacks jurisdiction regardless of whether the parties raised the issue." *In re Complaint of Knox*, 255 Mich App 454, 457; 660 NW2d 777 (2003). A circuit court's subject-matter jurisdiction is conferred by statute as follows:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state. [MCL 600.605.]

"Thus, circuit courts are presumed to have subject-matter jurisdiction unless jurisdiction is expressly prohibited or given to another court by constitution or statute." *Wayne Co Treasurer*, 265 Mich App at 291.

At issue in this case is the circuit court's ability to conditionally set aside a judgment of foreclosure entered pursuant to the General Property Tax Act (GPTA), MCL 211.1 *et seq*. MCL 211.78k(5) provides, in part:

> The circuit court shall enter final judgment on a petition for foreclosure filed under [MCL 211.78h] at any time after the hearing under this section but not later than the March 30 immediately succeeding the hearing with the judgment effective on the March 31 immediately succeeding the hearing for uncontested cases or 10 days after the conclusion of the hearing for contested cases. All redemption rights to the property expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case 21 days after the entry of a judgment foreclosing the property under this section. The circuit court's judgment shall specify all of the following:
>
> * * *
>
> (b) That fee simple title to property foreclosed by the judgment will vest absolutely in the foreclosing governmental unit, except as otherwise provided in subdivisions (c) and (e),[1] without any further rights of redemption, if all forfeited

---

[1] MCL 211.78k(5)(c) and (e) provide exceptions that do not apply in the instant case. See MCL 211.78k(5)(c) and (e).

delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section.

* * *

(g) A judgment entered under this section is a final order with respect to the property affected by the judgment and except as provided in subsection (7) shall not be modified, stayed, or held invalid after the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or for contested cases 21 days after the entry of a judgment foreclosing the property under this section.

MCL 211.78k(6) provides, in part:

Except as otherwise provided in subsection (5)(c) and (e), fee simple title to property set forth in a petition for foreclosure filed under [MCL 211.78h] on which forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, *shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property* . . . . The foreclosing governmental unit's title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7) or (9). [Emphasis added.]

MCL 211.78k(7) adds that "[t]he foreclosing governmental unit or a person claiming to have a property interest under [MCL 211.78i] in property foreclosed under this section may appeal the circuit court's order or the circuit court's judgment foreclosing property to the court of appeals," and clarifies that "[t]he circuit court's judgment foreclosing property shall be stayed until the court of appeals has reversed, modified, or affirmed that judgment."

MCR 2.612(C)(1), the court rule under which the circuit court granted conditional relief, provides, in relevant part:

On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

* * *

(f) Any other reason justifying relief from the operation of the judgment.

In *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 5; 732 NW2d 458 (2007), our Supreme Court addressed constitutional concerns related to MCL 211.78k(6) after a church did not receive notice of a pending foreclosure because the county treasurer failed to comply with the notice provisions of the GPTA. The county treasurer sent notice to a previous owner and

failed to post a notice on the property. *Id*. A judgment of foreclosure was entered and the property was sold to third parties after the redemption period expired. *Id*. When the church learned of the foreclosure, it filed a motion for relief from the judgment of foreclosure, which the circuit court granted. *Id*. This Court denied the third parties' delayed application for leave to appeal, and our Supreme Court then granted their application for leave. *Id*. Our Supreme Court considered whether MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure under MCR 2.612(C) when a property owner does not redeem the property within the allotted time frame or appeal the foreclosure judgment. *Id*. at 5, 8.

The Court noted that MCL 211.78k(6) reflects a "legislative effort to provide finality to foreclosure judgments and to quickly return property to the tax rolls." *Wayne Co Treasurer*, 478 Mich at 4. The Court explained:

> If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure. MCL 211.78k(6) vests *absolute title* in the foreclosing governmental unit, and if the taxpayer does not redeem the property or avail itself of the appeal process in subsection 7, then title "*shall not be stayed or held invalid . . . .*" This language reflects a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA. The only possible remedy for such a property owner would be an action for monetary damages based on a claim that the property owner did not receive any notice. In the majority of cases, this regime provides an appropriate procedure for foreclosing property because the statute requires notices that are consistent with minimum due process standards. [*Id*. at 8 (citation omitted).]

Our Supreme Court then addressed the situation in which the statutory scheme deprives a property owner of his or her property without due process, holding that, to the extent that MCL 211.78k limits the circuit court's jurisdiction to modify judgments of foreclosure when property owners are denied due process, it is unconstitutional. *Id*. at 8-11. The Court explained that

> the plain language of the [MCL 211.78k] simply does not permit a construction that renders the statute constitutional because the statute's jurisdictional limitation encompasses all foreclosures, including those where there has been a failure to satisfy minimum due process requirements, as well as those situations in which constitutional notice is provided, but the property owner does not receive actual notice. In cases where the foreclosing governmental unit complies with the GPTA notice provisions, MCL 211.78k is not problematic. Indeed, MCL 211.78*l* provides in such cases a damages remedy that is not constitutionally required. However, in cases where the foreclosing entity fails to provide *constitutionally adequate* notice, MCL 211.78k permits a property owner to be deprived of the property without due process of law. Because the Legislature cannot create a statutory regime that allows for constitutional violations with no recourse, that portion of the statute purporting to limit the circuit court's jurisdiction to modify judgments of foreclosure is unconstitutional and unenforceable as applied to property owners who are denied due process. [*Id*. at 10-11.]

-5-

Thus, the Court concluded that MCL 211.78k was unconstitutional to the extent that it permitted entry of a judgment of foreclosure without constitutionally adequate notice, and in situations in which the government did not provide constitutionally adequate notice, the circuit court has jurisdiction to modify the judgment of foreclosure. *Id*. at 10-11. However, in situations in which the property owner receives adequate due process, the circuit court does not have jurisdiction to modify or vacate its judgment of foreclosure. See *id*. at 10 (noting that "[i]n cases where the foreclosing governmental unit complies with the GPTA notice provisions, MCL 211.78k is not problematic").

Although it is true that MCR 2.612(C)(1)(f) authorizes a circuit court to relieve a party from a final judgment when such relief is justified, the circuit court in the instant case could not use that authority to modify the February 2, 2015 judgment of foreclosure because it lacked jurisdiction pursuant to the express prohibition in MCL 211.78k(6) limiting "the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA." *Wayne Co Treasurer*, 478 Mich at 8. Here, respondent did not appeal the judgment of foreclosure to this Court as provided in MCL 211.78k(7) or pay the delinquent taxes, interest, penalties, and fees on or before the March 31, 2015 redemption deadline. As a result, the circuit court's jurisdiction to modify the February 2, 2015 judgment of foreclosure was extinguished. Indeed, the circuit court's entry of the motion for relief from the judgment of foreclosure appears to be the exact situation the statutory scheme was designed to prohibit. The goal of MCL 211.78k(6) is to provide finality, and setting aside the judgment of foreclosure months after the judgment was entered because the respondent obtained the necessary funds is contrary to the reasoning underlying the statute. See *id*. at 4.

Further, the judicially-created due-process exception in *Wayne Co Treasurer* is inapplicable because respondent has never argued that petitioner failed to provide her with constitutionally adequate notice of the foreclosure proceeding or that she was otherwise deprived of due process. Contrary to the situation in *Wayne Co Treasurer*, respondent was provided with notice of the foreclosure proceedings, and she failed to participate or pursue any available remedies under the GPTA to protect her interest. Accordingly, because there was no due-process violation, the circuit court did not have jurisdiction to modify the judgment of foreclosure pursuant to the due-process exception from *Wayne Co Treasurer*.

IV. SEPARATION OF POWERS

Respondent contends on cross-appeal that MCL 211.78k(5)(g) is unconstitutional because it violates the separation of powers doctrine. We disagree.

"Statutes are presumed to be constitutional, and we have a duty to construe a statute as 'constitutional unless its unconstitutionality is clearly apparent.' " *Zdrojewski v Murphy*, 254 Mich App 50, 74-75; 657 NW2d 721 (2002) (citation omitted). The party contending that the statute is unconstitutional has the burden to establish that the law is invalid. *Id*. at 75.

The Separation of Powers Clause of the Michigan Constitution provides that "[t]he powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2. The Michigan

Constitution further provides that "[t]he supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5.

While the Michigan Supreme Court "retains the authority and duty to prescribe general rules that 'establish, modify, amend, and simplify the practice and procedure in all courts of this state,' " issues of " 'substantive law are left to the Legislature.' " *People v Jones*, 497 Mich 155, 165; 860 NW2d 112 (2014) (citations omitted). Thus, our Supreme Court may not enact " 'court rules that establish, abrogate, or modify the substantive law.' " *Id*. (citation omitted). See also *McDougall v Schanz*, 461 Mich 15, 30-31; 597 NW2d 148 (1999) (" '[I]f a particular court rule contravenes a legislatively declared principle of public policy, having as its basis something other than court administration . . . the [court] rule should yield.' ") (citation omitted; second alteration in original). Additionally, "the Supreme Court's rule-making power is constitutionally supreme in matters of practice and procedure *only* when the conflicting statute embodying putative procedural rules reflects no legislative policy consideration other than judicial dispatch of litigation." *In re Gordon Estate*, 222 Mich App 148, 153; 564 NW2d 497 (1997). "In other words, if the statutes in question are grounded on policy considerations other than regulating the procedural operations of the judiciary, they do not impermissibly infringe the Supreme Court's rulemaking authority." *Zdrojewski*, 254 Mich App at 82.

Respondent argues that MCL 211.78k(5)(g) infringes on our Supreme Court's constitutional rule-making authority over practice and procedure. We first note that although respondent only raises the issue with regard to MCL 211.78k(5)(g), respondent's argument also encompasses MCL 211.78k(6), which establishes that fee simple title to the property vests in the foreclosing governmental unit if the respondent does not redeem the property and clarifies that the title may not be stayed or held invalid, with limited exceptions. MCL 211.78k(5)(g) provides that the judgment of foreclosure must state that it is a final order and that it cannot be modified, stayed, or held invalid after the redemption period expires. Our Supreme Court clarified in *Wayne Co Treasurer* that MCL 211.78k(6) deprives the circuit court of jurisdiction to modify or invalidate the judgment of foreclosure. *Wayne Co Treasurer*, 478 Mich at 8. Therefore, we conclude that respondent's argument also encompasses MCL 211.78k(6).

We disagree with respondent's contention that a statute divesting the circuit court of jurisdiction to modify or invalidate a judgment of foreclosure following the redemption period violates the separation of powers doctrine. We first note that our Supreme Court already addressed the issue of the constitutionality of MCL 211.78k(6) in the context of a due-process challenge when it determined that MCL 211.78k(6) divests the circuit court of jurisdiction to modify or invalidate the judgment of foreclosure except in a situation in which the respondent contends that she was deprived of due process. *Wayne Co Treasurer*, 478 Mich at 8-11. The Court clarified that, in situations in which the respondent was denied due process, the circuit court may modify its judgment of foreclosure. *Id*. at 10-11. Thus, the Court carved out a limited exception permitting the circuit court to exercise jurisdiction if the respondent was denied due process. However, our Supreme Court did not address the exact issue raised in this appeal, namely, whether the statutory scheme violates the separation of powers doctrine.

We conclude that the limitation on the circuit court's jurisdiction as outlined in MCL 211.78k(5)(g) and (6) does not violate the separation of powers doctrine. Respondent argues that the statutory scheme is an attempt by the Legislature to control the practices and procedures that

our Supreme Court has established regarding entry of a final judgment, with MCR 2.612(C)(1)(f) being the rule of practice and procedure that is relevant here. Respondent argues that because the statutory scheme conflicts with MCR 2.612(C)(1)(f), which allows for relief from judgment for any reason justifying relief, the statute is unconstitutional, the court rule controls, and the circuit court was freely able to use MCR 2.612(C)(1)(f) to grant conditional relief.

We disagree with respondent because the statutory provisions at issue constitute substantive law. MCL 211.78k(5)(g) and (6) provide that the court may not alter the judgment of foreclosure if the owner does not redeem the property and require the judgment of foreclosure to reflect that the circuit court may not modify, stay, or invalidate the judgment of foreclosure after the redemption period has expired. See MCL 211.78k(5)(g) and (6). As the Michigan Supreme Court noted, MCL 211.78k(6) reflects a legislative effort to provide finality to foreclosure judgments and to return property to the tax rolls in a swift manner. *Wayne Co Treasurer*, 478 Mich at 4. The Court further explained that MCL 211.78k(6) reflects "a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA." *Id*. at 8. The same reasoning applies to MCL 211.78k(5)(g), which requires that the circuit court state in the judgment of foreclosure that the judgment cannot be modified, stayed, or held invalid following expiration of the redemption period. Thus, MCL 211.78k(5)(g) and (6) demonstrate a clear legislative policy reflecting considerations other than judicial dispatch of litigation. See *Estate of Gordon*, 222 Mich App at 153. Accordingly, we conclude that MCL 211.78k(5)(g) and (6) do not violate the separation of powers doctrine. For the reasons discussed, the circuit court lacked jurisdiction to enter the order granting conditional relief from the judgment of foreclosure.[2]

Reversed and vacated.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan

---

[2] Because we conclude that the circuit court lacked jurisdiction to enter the order granting conditional relief, we need not address the issue whether the circuit court properly granted conditional relief under MCR 2.612(C)(1)(f).