# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF WAYNE COUNTY
PETITIONER FOR FORECLOSURE.

---

WAYNE COUNTY PETITIONER,

        Petitioner-Appellee,

v

J. L. DUMAS, LLC,

        Respondent-Appellant.

UNPUBLISHED
April 19, 2018

No. 336003
Wayne Circuit Court
LC No. 15-007718-CH

---

Before: BORRELLO, P.J., and SHAPIRO and TUKEL, JJ.

PER CURIAM.

In this tax foreclosure matter under the General Property Tax Act (GPTA), MCL 211.1 *et seq*., respondent, J. L. Dumas, LLC, appeals by leave granted[1] from the circuit court's order denying respondent's motion to vacate a foreclosure judgment regarding the property at issue in this case (the subject property). For the reasons set forth in this opinion, we affirm.[2]

---

[1] *In re Petition of Wayne County Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered March 31, 2017 (Docket No. 336003).

[2] From the outset we note that we reject the Treasurer's contention that, under MCL 211.78k, we lack appellate jurisdiction here. The Treasurer's jurisdictional challenge places the proverbial cart before the horse. For the same reason that our Supreme Court had appellate jurisdiction in *In re Petition by Treasurer of Wayne Co for Foreclosure*, 478 Mich 1; 732 NW2d 458 (2007) (*Perfecting Church*), this Court has jurisdiction over the instant appeal. MCL 211.78k deprives a court of jurisdiction to modify a judgment of foreclosure *only if there was no due process violation*. *Id*. at 10-11. Thus, this Court necessarily has jurisdiction to address the underlying due process issue; deciding it is a fundamental prerequisite to deciding whether the jurisdictional language in MCL 211.78k applies in the first instance. Indeed, by acknowledging that respondent could have filed a timely claim of appeal by right from the foreclosure judgment, the Treasurer tacitly admits that this Court has jurisdiction over this appeal. Pursuant to MCR

-1-

## I. BACKGROUND

This appeal arises out of respondent's undisputed failure to pay delinquent property taxes for the subject property over the course of several years. According to his affidavit testimony, Junius L. Dumas (Junius) is and was at all pertinent times "the sole owner, sole board member and the only officer of" respondent, which, in turn, was the sole owner of the subject property. On June 12, 2015, petitioner (the Treasurer) filed its annual foreclosure petition under MCL 211.78h(1), listing the subject property along with thousands of other forfeited properties.

According to process server Timothy Parish, a few months later, on the afternoon of Friday, October 30, 2015, Parish personally visited the subject property. He was greeted by "an occupant who identified herself as 'Dorthy [sic], the receptionist," and he served her with several notices, including a notice of the scheduled January 14, 2016 show-cause hearing and February 24, 2016 foreclosure hearing. Petitioner also mailed several notices of such hearings to respondent at the subject property, by both certified and first-class mail, and it was informed that the notices sent by certified mail had been delivered. Even so, for three consecutive weeks in December 2015, once each week, petitioner published a foreclosure notice concerning the subject property in the Detroit Legal News.

On January 19, 2016, Junius's daughter, Dorothy Dumas (Dorothy), executed a "stipulated payment agreement" regarding the delinquent property taxes for the subject property. In that agreement, Dorothy indicated that she was "the Taxpayer / Property Owner."[3] Although some of the agreed payments against delinquent taxes were timely made, others were not.

No representative appeared on respondent's behalf at the February 24, 2016 foreclosure hearing, nor did respondent file any objections. Because objections were filed by other property owners with regard to other properties, hearings were held over the course of several months. The parties agree that the Petitioner did not take any steps to notify respondent of the hearings that took place after the February 24, 2016 foreclosure hearing.

On June 9, 2016, a judgment of foreclosure was entered with regard to the subject property. It is undisputed that a copy of the judgment of foreclosure was not mailed to respondent or anyone else.

According to Junius, he first learned of the foreclosure proceedings in September 2016 after the subject property was sold at auction. Respondent subsequently filed a motion seeking to vacate the foreclosure judgment, which the trial court denied. Instead, the trial court granted

---

7.203(B)(5), this Court "may grant leave to appeal from . . . any judgment or order when an appeal of right could have been taken but was not timely filed," and respondent could have claimed such an appeal pursuant to MCL 211.78k(7).

[3] Respondent spends a sizable portion of its appellate briefs questioning whether, by executing the stipulated payment agreement, Dorothy waived respondent's right to a hearing in this matter. However, we need not reach that issue to decide the merits of this appeal.

petitioner summary disposition, reasoning that (1) neither due process nor the GPTA entitled respondent to notice of the foreclosure judgment's entry, (2) "[t]he undisputed evidence clearly establishe[d] that the Petitioner used reasonable efforts to" provide respondent with actual notice of the foreclosure proceedings, thereby satisfying due process, and thus (3) under MCL 211.78k, the trial court lacked jurisdiction to modify or vacate the judgment of foreclosure. This appeal then ensued.

## II. ANALYSIS

On appeal, respondent argues that the trial court erred by ruling that petitioner's efforts to notify respondent of the tax foreclosure proceedings was sufficient to satisfy due process, and thus determined that MCL 211.78l deprived the trial court of authority to modify or vacate the foreclosure judgment.

Constitutional and statutory questions are reviewed de novo, *In re Petition by Petitioner of Wayne Co for Foreclosure*, 478 Mich 1, 6; 732 NW2d 458 (2007) (*Perfecting Church*), as are decisions concerning summary disposition, *Heaton v Benton Constr Co*, 286 Mich App 528, 531; 780 NW2d 618 (2009). Pursuant to the Due Process Clauses of the Michigan and United States Constitutions, "[p]roceedings that seek to take property from its owner must comport with due process." *Sidun v Wayne Co Petitioner*, 481 Mich 503, 509; 751 NW2d 453 (2008). "The notice provisions of the GPTA seek to fulfill this obligation." *Id*.

After thoroughly reviewing the record in this case, we conclude that petitioner complied with all applicable notice provisions under the GPTA. Moreover, we agree with the trial court that the GPTA states no requirement for the foreclosing governmental unit to provide the property owner with notice *after* a foreclosure judgment is entered. Rather, on that topic the GPTA simply states: "The foreclosing governmental unit shall record a notice of judgment for each parcel of foreclosed property in the office of the register of deeds for the county in which the foreclosed property is located. . . ." MCL 211.78k(8). "[W]e will not read additional requirements into a clear and unambiguous statute that are not within the Legislature's manifest intent," *TMW v Dep't of Treasury*, 285 Mich App 167, 180; 775 NW2d 342 (2009), and we see no need to do so here because the GPTA already requires explicit notice of the right of redemption, MCL 211.78i(7)(h), which was provided in this case.

Further, even if we assume that petitioner did not comply with each of the GPTA's notice provisions in all respects, we note that because the GPTA affords more notice than is constitutionally required, technical noncompliance with its notice provisions is not dispositive to issues such as those raised by respondent. See, *Perfecting Church*, 478 Mich at 10 n 19. Rather, the determinative inquiry is whether the minimum requirements of due process were satisfied. *Id*. If the actions taken by petitioner satisfied respondent's due process rights, then the plain language of MCL 211.78k controls, and the trial court lacked any authority to modify or vacate the foreclosure judgment. If petitioner's actions did not satisfy respondent's due process rights, then the foreclosure judgment was constitutionally impermissible and respondent retains title to the subject property. See *id*. at 10; *Gillie v Genesee Co Petitioner*, 277 Mich App 333, 354; 745 NW2d 137 (2007). Accord *In re Petition of Tuscola Co Petitioner for Foreclosure*, 317 Mich App 688, 699; 895 NW2d 569 (2016).

"[A] party's knowledge of a tax delinquency does not equate to notice of a foreclosure proceeding." *Ligon v City of Detroit*, 276 Mich App 120, 126; 739 NW2d 900 (2007). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v Brewer*, 408 US 471, 481; 92 S Ct 2593; 33 L Ed 2d 484 (1972). In tax foreclosure actions,

> [a] fundamental requirement of due process . . . is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652, 94 L Ed 865 (1950). Interested parties are "entitled to have the [government] employ such means 'as one desirous of actually informing [them] might reasonably adopt' to notify [them] of the pendency of the proceedings." *Dow v Michigan*, 396 Mich 192; 240 NW2d 450 (1976), quoting *Mullane*, [339 US at 315]. That is, the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice. *Mullane*, [339 US at 315]. However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones*[ *v Flowers*, 547 US 220, 226; 126 S Ct 1708; 164 L Ed 2d 415 (2006)]. [*Sidun*, 481 Mich at 509 (alterations to citations added, other alterations in original).]

Thus, the reasonableness of the steps taken to notify a property owner of foreclosure varies "depending on what information the government had" at the time it sought to notify the property owner. *Sidun*, 481 Mich at 510. When providing notice by mail, "[t]he government must consider unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case." *Jones*, 547 US at 230. Moreover, if the government learns that notice sent by mail was unsuccessful, it must take whatever additional steps to notify the property owner are reasonable and practicable under the circumstances. *Id.* at 234. "What steps are reasonable in response to new information depends upon what the new information reveals." *Id.* Generally, notice sent "by registered or certified mail, return receipt requested," "would be the efforts one desirous of actually informing another might reasonably employ." *Dow,* 396 Mich at 211.

At issue in this case is whether petitioner took the steps necessary to inform and notify respondent of the foreclosure and the subsequent proceedings. It is undisputed that petitioner made numerous attempts to notify respondent of the January 14, 2016 show-cause hearing and the February 24, 2016 foreclosure hearing. Among other things, the notices sent by petitioner also explicitly indicated that respondent had a right to redeem the property, explained the statutory redemption period, provided information about how to avoid foreclosure, and listed agencies that might offer free assistance or legal aid to property owners. Given that respondent had received mailed tax notices at the subject property in the past, it was altogether reasonable for petitioner to believe that it would achieve actual notice by (1) sending a process server to the subject property to personally serve an occupant there, (2) sending the required statutory notices to respondent at the subject property by both certified and first-class mail, and (3) publishing a foreclosure notice three times in the Detroit Legal News. Once petitioner received a proof of service from the process server—including a picture of the subject property—and an indication

that the notices sent by certified mail had been received, there was no legal reason for petitioner to take further steps to inform respondent of the foreclosure proceedings. Rather, at that point, it was reasonable for petitioner to presume that respondent received actual notice. Indeed, after petitioner's several notices were delivered, Dorothy—a woman with a surname that appears in respondent's name, and who had paid taxes on respondent's behalf in the past—appeared in the petitioner's offices, indicated that she was there on behalf of the taxpayer or property owner of the subject property, stated that she wished to contest the foreclosure, and paid more than $6,500 in delinquent taxes then owed by respondent. Under such circumstances, it would have been patently *un*reasonable for petitioner to assume that its attempts to notify respondent of the foreclosure proceedings had been unsuccessful. We therefore conclude that the evidence presented to the trial court clearly demonstrated that petitioner made several attempts to notify respondent of the foreclosure proceedings. We further find that those attempts as herein stated were altogether reasonable. And, based on the responses petitioner received, it was also reasonable for petitioner to believe that it had provided respondent with actual notice of the foreclosure and the subsequent proceedings. Consequently, petitioner's attempts at notice satisfied due process, hence, the plain language of MCL 211.78k controls, and the trial court properly concluded that it lacked any authority to modify or vacate the foreclosure judgment. See *Perfecting Church*, 478 Mich at 10.

Affirmed. We decline to award costs in this matter. MCR 7.219(A)


/s/ Stephen L. Borrello
/s/ Jonathan Tukel

-5-