*4 YOUNG, J.
This case concerns the jurisdiction of circuit courts to modify judgments of foreclosure when the foreclosing governmental unit deprives the property owner of due process. Generally, the provision of the General Property Tax Act (GPTA),[1] at issue in this case, as well as recent amendments of the GPTA, reflect a legislative effort to provide finality to foreclosure judgments and to quickly return property to the tax rolls. However, this legislative regime is problematic when the property owner is not provided with constitutionally adequate notice of the foreclosure. This is because MCL 211.78k(6) serves to insulate violations of the Due Process Clause of the United States Constitution and of the Michigan Constitution from judicial review and redress, thereby completely denying the property owner procedural due process. As applied to the limited class of property owners who have been denied due process in this statutory foreclosure scheme, this provision of the GPTA is unconstitutional. Therefore, for the reasons stated herein, we affirm the Wayne Circuit Court’s order vacating the judgment of foreclosure and restoring the church’s title to the property in question.
FACTS AND PROCEDURAL HISTORY
The property owner in this case, Perfecting Church, purchased two parcels for use as parking lots during its church services. Both parcels were transferred by a single deed that the church properly recorded. Nevertheless, after the church purchased and recorded a single deed for both the parcels, the Wayne County Treasurer listed one parcel on the Wayne County foreclosure listing. The church paid the outstanding taxes on that parcel and the treasurer assured the church *5 that there were no further outstanding taxes on either parcel. Despite those assurances, the treasurer initiated foreclosure proceedings against the other parcel. However, the church never received notice of the pending foreclosure because the treasurer did not comply with the notice provisions of the GPTA. Specifically, the treasurer sent the statutorily required notice to the previous owner and did not post a notice on either of the parcels.[2] Thus, the church had no notice of the foreclosure proceedings. The Wayne Circuit Court entered a judgment of foreclosure. After the redemption period passed, Wayne County sold the property to the intervening parties, Matthew Tatarian and Michael Kelly.
Subsequent to the sale, the church learned of the foreclosure and sale, and it filed a motion for relief from the foreclosure judgment in the Wayne Circuit Court. That court granted the church’s motion and the Court of Appeals denied the intervening parties’ delayed application for leave to appeal.[3] 4This Court granted their application for leave, directing the parties to address two issues:
(1) whether the trial court retained jurisdiction to grant relief from the judgment of foreclosure pursuant to MCR 2.612(C), notwithstanding the provisions of MCL 211.87[l](1) and (2); and (2) whether MCL 211.78[Z] permits a person to be deprived of property without being afforded due process.[4]
*6 STANDARD OF REVIEW
This Court reviews questions of law, such as issues of constitutional and statutory construction, de novo.[5]
ANALYSIS
Under the GPTA, a “foreclosing governmental unit shall file a single petition with the clerk of the circuit court of that county listing all property forfeited and not redeemed to the county treasurer under [MCL 211.78g] to be foreclosed under [MCL 211.78k].... ”[6] Before the hearing on the petition, the foreclosing governmental unit must provide proof of service of the notices required under the statute, as well as proof of the personal visit to the property and publication.[7] The circuit court then must make a series of factual determinations to complete the foreclosure process.[8] 9At the time the county foreclosed the church’s property, the GPTA provided:
Except as otherwise provided in subsection (5)(c) and (e),[9] fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid within 21 days after the entry of judgment shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property. The foreclosing governmental unit’s title is not subject to any recorded or unrecorded lien and shall not *7 be stayed or held invalid except as provided in subsection (7)[10]
The statute also provides for an appeal to the Court of Appeals within 21 days of the judgment of foreclosure.[11] 11 Finally, the GPTA provides property owners who claim they did not receive any notice an action for monetary damages in the Court of Claims.[12]
*8 The intervening parties challenge the propriety of the grant of relief from judgment obtained by the church. They argue that MCL 211.78k(6) precludes the circuit court from staying or holding the governmental unit’s title invalid. Furthermore, because the church did not avail itself of the redemption or appeal provision contained in subsections 6 and 7, it is limited to an action for monetary damages under MCL 211.78l.
The intervening parties accurately construe these provisions of the GPTA. If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure. MCL 211.78k(6) vests absolute title in the foreclosing governmental unit, and if the taxpayer does not redeem the property or avail itself of the appeal process in subsection 7, then title “shall not be stayed or held invalid....” This language reflects a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA.[13] The only possible remedy for such a property owner would be an action for monetary damages based on a claim that the property owner did not receive any notice. In the majority of cases, this regime provides an appropriate procedure for foreclosing property because the statute requires notices that are consistent with minimum due process standards.
However, the church argues that because the county denied it due process when taking its property, the church can avoid the limitations of the statute. The intervening parties respond that regardless of the property owner’s claim, the statute only provides for one *9 remedy once the redemption and appeals period has passed — a claim for monetary damages under MCL 211.78l.
As stated, we believe that the intervening parties’ interpretation of the GPTA is correct. The act does not provide an exception for property owners who are denied due process. Thus, the intervening parties correctly assert that the GPTA does not provide relief for the church or other property owners who are denied due process.
The question then becomes whether such a regime is constitutional when it operates to deprive a property owner of its property without due process. This Court must presume a statute is constitutional and construe it as such, unless the only proper construction renders the statute unconstitutional.[14] The United States Supreme Court recently has held that “due process requires the government to provide ‘notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.’ ”[15] Furthermore, “ ‘when notice is a person’s due. . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.’ ”[16] However, “[d]ue process does not require that a property owner receive actual notice before the government may take his property.”[17]
*10 As noted above, the statute permits a foreclosing governmental unit to ignore completely the mandatory notice provisions of the GPTA, seize absolute title to a taxpayer’s property, and sell the property, leaving the circuit court impotent to provide a remedy for the blatant deprivation of due process. That interpretation, allowing for the deprivation of due process without any redress would be patently unconstitutional.[18] Unfortunately, as noted above, the plain language of the statute simply does not permit a construction that renders the statute constitutional because the statute’s jurisdictional limitation encompasses all foreclosures, including those where there has been a failure to satisfy minimum due process requirements, as well as those situations in which constitutional notice is provided, but the property owner does not receive actual notice. In cases where the foreclosing governmental unit complies with the GPTA notice provisions, MCL 211.78k is not problematic.[19] Indeed, MCL 211.78l provides in such cases a damages remedy that is not constitutionally required. However, in cases where the foreclosing entity fails to provide constitutionally adequate notice, MCL 211.78k permits a property owner to be deprived of the property without due process of law. Because the Legislature cannot create a statutory regime that allows for constitutional violations with no recourse, that portion of the statute purporting to limit the circuit *11 court’s jurisdiction to modify judgments of foreclosure is unconstitutional and unenforceable as applied to property owners who are denied due process.
CONCLUSION
Because there is no construction of the GPTA that renders the statute constitutional in cases where the taxing authority has denied the taxpayer due process, the statute is unconstitutional as applied to those individuals. In the present case, the county completely failed to comply with the notice provisions in the GPTA. As such, the county deprived the church of its property without providing due process. Therefore, for the reasons stated, we affirm the order of the Wayne Circuit Court that restored the church’s title to the property in question.
Taylor, C.J., and CORRIGAN and Markman, JJ., concurred with Young, J.

 MCL 211.1 et seq.

 MCL 211.78i requires the foreclosing entity to notify the property owner by certified mail. Additionally, MCL 211.78Í requires the foreclosing governmental unit to visit the property, determine whether it is occupied, and either inform the occupant of the foreclosure or post notice in a conspicuous place.

 Unpublished order of the Court of Appeals, entered July 11, 2005 (Docket No. 261074).

4 474 Mich 1059 (2006).

 Wayne Co v Hathcock, 471 Mich 445, 455; 684 NW2d 765 (2004).

 MCL 211.78h(1).

 MCL 211.78k(1).

 MCL 211.78k(5).

9 MCL 211.78k(5)(c) and (e) provided exceptions for future installments of special assessments and liens recorded by the state or the foreclosing governmental unit under MCL 324.101 et seq., and certain easements and deed restrictions.

10 MCL 211.78k(6). This subsection has since been amended by 2006 PA 611 and now provides:
Except as otherwise provided in subsection (5)(c) and (e), fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, shall vest absolutely in the foreclosing governmental unit, and the foreclosing governmental unit shall have absolute title to the property, including all interests in oil or gas in that property except the interests of a lessee or an assignee of an interest of a lessee under an oil or gas lease in effect as to that property or any part of that property if the lease was recorded in the office of the register of deeds in the county in which the property is located before the date of filing the petition for foreclosure under section 78h, and interests preserved as provided in section 1(3) of 1963 PA 42, MCL 554.291. The foreclosing governmental unit’s title is not subject to any recorded or unrecorded lien and shall not be stayed or held invalid except as provided in subsection (7) or (9).

 MCL 211.78k(7).

 MCL 211.781(1) states:
If a judgment for foreclosure is entered under [MCL 211.78k] and all existing recorded and unrecorded interests in a parcel of property are extinguished as provided in [MCL 211.78k], the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required under this act shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section.

 The recent amendments of the GPTA add further support to this conclusion. See MCL 211.78k(5)(g).

 Caterpillar, Inc v Dep’t of Treasury, 440 Mich 400, 413; 488 NW2d 182 (1992), quoting People v McQuillan, 392 Mich 511, 536; 221 NW2d 569 (1974).

 Jones v Flowers, 547 US 220, 226; 126 S Ct 1708; 164 L Ed 2d 415 (2006), quoting Mullane v Central Hanover Bank & Trust Co, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950).

 Jones, supra, 547 US at 229, quoting Mullane, supra at 315.

 Jones, supra, 547 US at 226 (emphasis added).

 The United States Supreme Court “consistently has held that some form of hearing is required before an individual is finally deprived of a property interest.” Mathews v Eldridge, 424 US 319, 333; 96 S Ct 893; 47 L Ed 2d 18 (1976) (emphasis added), citing Wolff v McDonnell, 418 US 539, 557-558; 94 S Ct 2963; 41 L Ed 2d 935 (1974).s

 Even when the foreclosing governmental unit only partially complies with the GPTA notice provisions, MCL 211.78k is sound as long as there is constitutionally adequate notice. Because the notice provisions provide more notice than is required to satisfy due process, the constitution does not require strict compliance with all the statutory notice requirements.