# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 28, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

129745

DETROIT BUILDING AUTHORITY,
          Plaintiff/Cross Defendant-
          Appellant,

and

CITY OF DETROIT,
          Intervening Plaintiff/Counter
          Plaintiff/Cross Plaintiff-
          Appellee,

v

WAYNE COUNTY TREASURER,
          Defendant/Cross Defendant/
          Counter Defendant-Appellee,

and

MICHIGAN FINANCIAL
INVESTMENTS, L.L.C.,
          Intervening Defendant/Cross
          Plaintiff/Counter Defendant-
          Appellee.
_____/

SC: 129745
COA: 253479
Wayne CC: 02-234701-CH

By order of March 27, 2006, the application for leave to appeal the July 5, 2005 judgment of the Court of Appeals was held in abeyance pending the decision in *In re Petition by Treasurer of Wayne County for Foreclosure* (Docket No. 129341). On order of the Court, the case having been decided on May 23, 2007, 478 Mich 1 (2007), the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REINSTATE the order of the Wayne County Circuit Court setting aside the foreclosure sale and quieting title to the property in the plaintiff. The foreclosure sale of publicly owned property is prohibited. MCL 211.78g(1). Contrary to the Court of Appeals majority's conclusion, the Wayne County Treasurer had reason to know that the property was publicly owned because there is no dispute that the plaintiff Detroit Building

Authority, which was incorporated by the intervening plaintiff City of Detroit, MCL 123.951, was the owner of record and had filed both a deed and an affidavit of property transfer notifying the county that the property was tax exempt.

MARKMAN, J., concurs and states as follows:

I concur in the decision to reverse the Court of Appeals; however, I would do so on different grounds. It is undisputed that the city of Detroit was the taxpayer of record in the local assessor's office at the time of the foreclosure. Because the city's interest was "identifiable by reference to . . . [t]ax records in the office of the local assessor," MCL 211.78i(6)(c), the Wayne County Treasurer was required to send notice by certified mail. MCL 211.78i(2). Moreover, because the city's interest was "reasonably identifiable" under the records of the local assessor, merely posting a foreclosure notice and publishing such notice in a newspaper was not constitutionally adequate. *Mennonite Bd of Missions v Adams*, 462 US 791, 798-799 (1983). Accordingly, the Court of Appeals erred by concluding that the treasurer "afforded the City the required due process."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 28, 2007

_Corbin R. Davis_
Clerk