# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Petition of WAYNE COUNTY TREASURER
for Foreclosure.

WAYNE COUNTY TREASURER,

Petitioner-Appellee,

v

ANGELA KARRIS and CONSTANTINE
DROSIS,

Respondents-Appellants.

UNPUBLISHED
February 3, 2015

No.   316400
Wayne Circuit Court
LC No.   11-007010-CH

Before:  OWENS, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Respondents appeal by leave granted the trial court's order denying their motion for relief from a judgment of foreclosure.[1]  We affirm.

The parcel at issue in this case is jointly owned by respondents and is commonly known as 2920 W. Grand Blvd.  Although it is one taxable parcel, two separate businesses are operated on the premises: Klassy C's Salon and L.A. Insurance.  Respondents lease the premises to these two businesses.  Each business operates under a different address.  The salon operates at 2920 W. Grand Blvd., while L.A. Insurance uses the address 2922 W. Grand Blvd.

On June 14, 2011, the Wayne County Treasurer filed a petition for foreclosure for the nonpayment of property taxes.  Respondents, as owners of the property, were served notice of the proceedings by certified mail, first class mail, publication, as well as personal service.  On Sunday, November 27, 2011, an agent of the Wayne County Treasurer visited the property.  Because the businesses were closed at that time, agent was unable to meet with any occupant of

---

[1] *In re Petition of Wayne Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered November 13, 2013 (Docket No. 316400).

-1-

the parcel. Consequently, the agent posted a copy of the foreclosure petition and the notices for the show cause hearing and judicial hearing on the door of Klassy C's Salon.

The trial court ultimately entered a judgment of foreclosure and title to the property vested in the Wayne County Treasurer. The Wayne County Treasurer subsequently sold the property at auction. On March 6, 2013, respondents filed a motion for relief from judgment, arguing that the notice provisions of the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, were not properly satisfied and that the foreclosure of the property and subsequent sale violated due process. The trial court denied respondents' motion for judgment relief based upon a finding that there had been no due-process violation.

On appeal, respondents contend that the trial court erred by ruling that the Wayne County Treasurer complied with the procedures outlined in the GPTA. In particular, they assert that the Wayne County Treasurer's failure to mail notice to and personally serve an occupant of the parcel constituted a violation of due process. Respondents argue that because the Treasurer did not comply with the relevant statutory procedures, it was required to cancel its sale of the parcel. We disagree.

"A trial court's decision on a motion for relief from judgment is reviewed for an abuse of discretion." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 404; 651 NW2d 756 (2002). Constitutional issues, such as whether due process was provided, are reviewed de novo. *Sidun v Wayne Co Treasurer*, 481 Mich 503, 508; 751 NW2d 453 (2008).

In *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 8; 732 NW2d 458 (2007) (*Perfecting Church*), our Supreme Court stated:

> If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure. MCL 211.78k(6) vests *absolute title* in the foreclosing governmental unit, and if the taxpayer does not redeem the property or avail itself of the appeal process in subsection 7, then title "*shall not be stayed or held invalid . . . .*" This language reflects a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA. The only possible remedy for such a property owner would be an action for monetary damages based on a claim that the property owner did not receive any notice. In the majority of cases, this regime provides an appropriate procedure for foreclosing property because the statute requires notices that are consistent with minimum due process standards.

The Court held, however, that in cases where the foreclosing entity fails to provide constitutionally adequate notice, depriving the property owner of due process, the portion of the GPTA purporting to limit the circuit court's jurisdiction to modify judgments of foreclosure is unconstitutional and unenforceable. *Id*. at 10-11. " '[D]ue process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." ' " *Id*.

at 9 (citations omitted). "When there are multiple owners of a piece of property, due process entitles each owner to notice of foreclosure proceedings." *Sidun*, 481 Mich at 512.

It is undisputed that respondents, as owners of the property, received constitutionally and statutorily sufficient notice of the tax foreclosure proceedings. However, respondents claim that the foreclosure proceedings were nonetheless improper because the occupants of the parcel, and specifically L.A. Insurance, were deprived of adequate notice. In support of their argument, respondents rely on MCL 211.78f(1) and (2), which require the foreclosing governmental unit to mail notice to the "occupant" of the property, as well as MCL 211.78i.

MCL 211.78f provides:

(1) Except as otherwise provided in section 79 for certified abandoned property, not later than the February 1 immediately succeeding the date that unpaid taxes were returned to the county treasurer for forfeiture, foreclosure, and sale under section 60a(1) or (2) or returned to the county treasurer as delinquent under section 78a, the county treasurer shall send a notice by certified mail, return receipt requested, to the person to whom a tax bill for property returned for delinquent taxes was last sent and, if different, to the person identified as the owner of property returned for delinquent taxes as shown on the current records of the county treasurer and to those persons identified under section 78e(2). The notice required under this subsection shall include all of the following:

(a) The date property on which those unpaid taxes were returned as delinquent will be forfeited to the county treasurer for the unpaid delinquent taxes, interest, penalties, and fees.

(b) A statement that a person who holds a legal interest in the property may lose that interest as a result of the forfeiture and subsequent foreclosure proceeding.

(c) A legal description or parcel number of the property and the street address of the property, if available.

(d) The person to whom the notice is addressed.

(e) The unpaid delinquent taxes, interest, penalties, and fees due on the property.

(f) A schedule of the additional interest, penalties, and fees that will accrue on the immediately succeeding March 1 pursuant to section 78g if those unpaid delinquent taxes, interest, penalties, and fees due on the property are not paid.

(g) A statement that unless those unpaid delinquent taxes, interest, penalties, and fees are paid on or before the March 31 immediately succeeding the entry in an uncontested case of a judgment foreclosing the property under section 78k, absolute title to the property shall vest in the foreclosing governmental unit.

(h) A statement of the person's rights of redemption and notice that the rights of redemption will expire on the March 31 immediately succeeding the entry in an uncontested case of a judgment foreclosing the property under section 78k.

(2) The notice required under subsection (1) shall also be mailed to the property by first-class mail, addressed to "occupant", if the notice was not sent to the occupant of the property pursuant to subsection (1).

(3) A county treasurer may insert 1 or more additional notices in a newspaper published and circulated in the county in which the property is located, if there is one. If no newspaper is published in that county, publication may be made in a newspaper published and circulated in an adjoining county.

(4) The county treasurer may publish the street address, if available, of property subject to forfeiture under section 78g on the immediately succeeding March 1 for delinquent taxes or the street address, if available, of property subject to forfeiture under section 78g on the immediately succeeding March 1 for delinquent taxes and the name of the person to whom a tax bill for property returned for delinquent taxes was last sent and, if different, the name of the person identified as the owner of the property returned for delinquent taxes as shown on the current records of the county treasurer in a newspaper published and circulated in the county in which the property is located, if there is one. If no newspaper is published in that county, publication may be made in a newspaper published and circulated in an adjoining county. [Citations omitted.]

Under MCL 211.78i(1), the foreclosing governmental unit must initiate a search of the records enumerated in MCL 211.78i(6) to identify owners of a property interest in the property who are entitled to notice of the show cause hearing and the foreclosure hearing. The foreclosing governmental unit is also required to make a personal visit to each parcel of property forfeited to ascertain whether or not it is occupied. MCL 211.78i(3). If the property is occupied, the foreclosing governmental unit must attempt to personally serve notice on "a person occupying the property." MCL 211.78i(3)(a). If the foreclosing governmental unit or its agent is unable to personally meet with an occupant, it must place notice on the property in a conspicuous manner. MCL 211.78i(3)(d). Further, if the foreclosing governmental unit is "unable to ascertain the address reasonably calculated to apprise the owners of a property interest entitled to notice" or is "unable to notify the owner of a property interest," it may provide notice by publication. MCL 211.78i(5). "Before the hearing on the petition, the foreclosing governmental unit must provide proof of service of the notices required under the statute, as well as proof of the personal visit to the property and publication." *Perfecting Church*, 478 Mich at 6, citing MCL 211.78k(1).

Respondents contend that the Wayne County Treasurer failed to comply with MCL 211.78f(1) and (2), as well as MCL 211.78i. There is no evidence that the notice required under MCL 211.78f(1) was mailed to an "occupant" as required by MCL 211.78f(2). And although the Wayne County Treasurer appears to have made a personal visit as required by MCL 211.78i(3), it occurred on a Sunday and no notice was personally served on any occupant at that time.

The Wayne County Treasurer argues that because the occupants' leases were not recorded, they were not entitled to the same notice as owners of a property interest, such as respondents. Respondents admit that the occupants' leases were not recorded. However, they contend that the leasehold interest of the occupant of 2922 W. Grand Blvd., L.A. Insurance, would have been discovered if the records listed in MCL 211.78i(6) had been properly searched. Respondents attached tax records from the City of Detroit showing L.A. Insurance's interest. Thus, although the lease was not recorded, it appears that the interest was identifiable and L.A. Insurance was entitled to notice by certified mail under MCL 211.78i(1). Such notice was not provided.

The Wayne County Treasurer's agent made a personal visit to the property, as required by MCL 211.78i(3). Although the agent did not personally serve any occupants, the agent posted a notice on the building. Respondents argue that the personal visit was not sufficient because it occurred a Sunday afternoon of a holiday weekend and the agent only attempted to visit 2920 W. Grand Blvd. With regard to the failure to visit both addresses, we note that the records, petition, and judgment of foreclosure list only 2920 W. Grand Blvd. as the address of the property being foreclosed. Moreover, the GPTA requires only that "a" person occupying the property be served, not all occupants. MCL 211.78i(3)(a). Thus, the personal visit was not inadequate merely because the agent only visited 2920 W. Grand Blvd., and not 2922 W. Grand Blvd. We do question whether the timing of the visit was adequate, as it was done on a Sunday afternoon and does not appear to have been reasonably calculated to attempt to personally serve an occupant. Nevertheless, even if it the visit was not adequate, the notice was posted at 2920 W. Grand Blvd., and the Wayne County Treasurer made notice by publication. See MCL 211.78i(5).

We conclude that despite any violations of MCL 211.78f and MCL 211.78i in this case, the trial court properly denied respondent's motion to set aside the judgment of foreclosure. MCL 211.78i(9) provides:

> The owner of a property interest who has been properly served with a notice of the show cause hearing under section 78j and the foreclosure hearing under section 78k and who failed to redeem the property as provided under this act shall not assert any of the following:
>
> (a) That notice was insufficient or inadequate on the grounds that some other owner of a property interest was not also served.
>
> (b) That the redemption period provided under this act was extended in any way on the grounds that some other owner of a property interest was not also served.

Respondents were properly served with notice. Thus, respondents cannot claim that notice was insufficient because the occupants were not served. MCL 211.78i(9)(a). Moreover, MCL 211.78i(10) provides:

> The failure of the foreclosing governmental unit to comply with any provision of this section shall not invalidate any proceeding under this act if the

owner of a property interest or a person to whom a tax deed was issued is accorded the minimum due process required under the state constitution of 1963 and the constitution of the United States.

Accordingly, even if the Wayne County Treasurer failed to comply with the provisions of MCL 211.78i, the proceedings were valid because respondents were provided actual notice and due process was satisfied. As our Supreme Court has observed, "[b]ecause the [GPTA's] notice provisions provide more notice than is required to satisfy due process, the constitution does not require strict compliance with all the statutory notice requirements." *Perfecting Church*, 478 Mich at 11 n 19. The trial court did not abuse its discretion by denying respondents' motion for relief from judgment and refusing to cancel the sale.

Affirmed.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Peter D. O'Connell