# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF ISABELLA COUNTY TREASURER.

---

ISABELLA COUNTY TREASURER,

      Petitioner-Appellant/Cross-
      Appellee,

v

ESTATE OF TIMOTHY SCOTT PUNG,

      Respondent-Appellee/Cross-
      Appellant.

UNPUBLISHED
April 18, 2017

No.   329858
Isabella Circuit Court
LC No.   2104-011664-CF

Before:  M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Petitioner, the Isabella County Treasurer, appeals as of right the circuit court's opinion and order setting aside a judgment of foreclosure against respondent, the Estate of Timothy Scott Pung, claiming that the circuit court erred in finding that respondent's due-process rights were violated. Respondent cross-appeals the same opinion and order, claiming that the circuit court erred in finding that petitioner had complied with the statutory-notice requirements of the General Property Tax Act (GPTA), MCL 211.1 *et seq*., and concluding that it lacked jurisdiction to set aside the judgment of foreclosure on grounds other than a due-process violation. We reverse.

This matter is before this Court for the second time in the past several years, *In re Petition of Isabella Co Treasurer*, unpublished opinion per curiam, issued February 10, 2015 (Docket No. 318616), and we need not delve into the ongoing tax disputes between petitioner and respondent. Suffice it to say that petitioner has repeatedly sought, and respondent has repeatedly denied, a principal-residence exemption (PRE) for the subject property, which is located at 3176 St. Andrews Drive in Mt. Pleasant, Michigan. Ultimately, this Court, in affirming the Tax Tribunal, held that respondent was entitled to a PRE for the subject property for the 2007, 2008, 2009, 2010, and 2011 tax years. At issue in this case is the 2012 tax year.

-1-

While litigation with respect to the 2010 and 2011 tax years remained pending, petitioner issued and respondent received the 2012 tax bill. According to that bill, a PRE was granted for the subject property for the 2012 tax year. However, when Michael W. Pung, respondent's personal representative, went to pay the bill, he was informed that a PRE was actually denied, and a revised tax bill denying a PRE was issued shortly thereafter. Respondent paid the amount owed according to the original bill but refused to pay the additional amount owed according to the revised bill. As a result, petitioner pursued foreclosure on the subject property.

The record reflects that, over the next several months, petitioner sent a variety of notices to "Timothy S Pung" at Michael's address, 5475 Blue Heron in Alma, Michigan. A May 2013 notice sent to that address provided that non-payment of the additional amount would result in loss of the property. An August 2013 notice provided the same information. A January 2014 notice, which is accompanied by a return receipt signed by "Thomas Ducheny" in the record, provided the same information as well. The January 2014 notice also appears to have been sent to the subject property, 3176 St. Andrews Drive, and addressed to the "current resident." In April 2014, petitioner recorded a certificate of forfeiture with the register of deeds with respect to the subject property. Two months later, in June 2014, petitioner filed a foreclosure petition with respect to the 2012 tax year, and that petition identified the subject property as subject to foreclosure. Several months later, in November 2014, Steven Pickens, the Isabella County Treasurer, personally visited the subject property to inform the occupants of the pending forfeiture. When no one answered the door, Pickens conspicuously placed a copy of the notice in a bright red packet on the front door, and a photograph of the placed packet is available in the record. In December 2014, petitioner sent two more notices via certified mail to "Timothy S. Pung" and "Michael Pung" at Michael's address, and both were signed as having been received by "Allison Pung."

Petitioner also published notices in *The Morning Sun*, a newspaper published in Isabella, Clare, and Gratiot Counties, on January 7th, 14th, and 21st of 2015. These notices identified the subject property as property subject to foreclosure as follows:

Parcel#: 14-120-00-004-00
Amount to Redeem: $2,507.67
Year(s): 2012
Address: 3176 SAINT ANDREWS
          MOUNT PLEASANT, MI 48858
Parties of interest according to records of the County Treasurer:
PUNG TIMOTHY S
BANK OF ALMA
FIRSTBANK
MUTUAL SAVINGS BANK
PUNG MICHAEL W
Legal Description:
T14N R4W SEC 19 POINTE ROYALE
SUBD. LOT 4 Union TWP

According to these notices, show-cause hearings were scheduled for January 22, 2015, and judicial-foreclosure hearings were scheduled for February 20, 2015. Respondent did not appear

on either hearing date, and a judgment of foreclosure was entered on February 20, 2015. Respondent did not redeem the subject property during the redemption period that followed.

On May 18, 2015, respondent filed a motion to set aside the judgment of foreclosure or, in the alternative, for writ of mandamus to force petitioner to cancel foreclosure. According to respondent, it did not receive any notice of the foreclosure until a letter dated April 2, 2015, which explained that the subject property had been forfeited due to nonpayment of property taxes. In a hearing on that motion, the circuit court determined that petitioner had complied with all of the applicable statutory-notice requirements set forth under the GPTA. However, because it concluded that respondent was deprived of its constitutional right to due process, it nevertheless granted respondent's motion to set aside the foreclosure. Specifically, the circuit court determined that petitioner had constructive knowledge of respondent's failure to receive any notices with respect to the 2012 tax deficiency and eventual foreclosure. Thus, it explained, petitioner should have taken further steps to ensure that respondent was aware of the foreclosure. As indicated above, petitioner appealed as of right, arguing that no due-process violation occurred; respondent cross-appealed as of right, arguing that petitioner's notices failed to satisfy the applicable statutory requirements. Because we agree with petitioner and disagree with respondent, we reverse the circuit court's order setting aside the foreclosure.

Constitutional issues, including determinations as to whether a party's due-process rights have been violated, are reviewed de novo. *Sidun v Wayne Co Treasurer*, 481 Mich 503, 508; 751 NW2d 453 (2008). The Due Process Clause of the Michigan Constitution provides, in pertinent part, as follows: "No person shall be . . . deprived of life, liberty or property, without due process of law." Const 1963, art 1, § 17. "A fundamental requirement of due process . . . is 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Sidun*, 481 Mich at 509, quoting *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950). Our Supreme Court has explained notice requirements in the due-process context as follows:

> Interested parties are "entitled to have the [government] employ such means 'as one desirous of actually informing [them] might reasonably adopt' to notify [them] of the pendency of the proceedings." *Dow v Michigan*, 396 Mich 192; 240 NW2d 450 (1976), quoting *Mullane*, *supra* at 315. That is, the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice. *Mullane*, *supra* at 315. However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones* [*v Flowers*, 547 US 220, 226; 126 S Ct 1708; 164 L Ed 2d 415 (2006)]. [*Sidun*, 481 Mich at 509 (alterations in original).]

"If the government provides notice by mail, due process requires it to be mailed to an address reasonably calculated to reach the person entitled to notice." *Sidun*, 481 Mich at 514 (citation and internal quotation marks omitted). Information the government possesses may affect whether the mailing address it uses is reasonably calculated to reach the intended recipient. *Id*. at 510. It follows that the government is required to consider unique information about the

recipient that is known to it. *Id*. at 511. For example, if a notice is returned as undeliverable, the government must undertake reasonable additional steps to notify the interested party. *Jones*, 547 US at 230. What additional measures are required depends on what information the government possesses. *Id*. at 234. Generally, reasonable steps may include posting notice on the property, addressing the letter to "occupant," or publishing notice, *id*. at 234-235; but, the government "is not required to go so far as to search[] for [an owner's] new address in the . . . phonebook and other government records such as income tax rolls," *Sidun*, 418 Mich at 512 (citation and internal quotation marks omitted; alterations in original). Further, the government cannot be faulted if no additional reasonable steps exist. *Jones*, 547 US at 234.

In this case, the circuit court found that petitioner had "constructive notice" that respondent had not received notice of the pending foreclosure and should have taken additional steps reasonably calculated to provide that notice. According to the circuit court, these additional steps might have included additional notices via mail or in-person statements at oral arguments during the litigation with respect to the 2010 and 2011 tax years. Because petitioner failed to take these additional steps, the circuit court concluded, respondent's due-process rights were violated. The circuit court additionally pointed to the fact "that Michael Pung had not made any response to the foreclosure proceedings, even though Mr. Pung had, up until that point, responded to each decision made by petitioner, the Tax Tribunal, and [the circuit] court" as further support for its conclusion that petitioner had constructive notice of respondent's lack of notice in the foreclosure proceedings. We disagree with this conclusion.

Our review of the record reflects that petitioner mailed four notices to Michael's address, 5475 Blue Heron, and two notices to the subject property, 3176 St. Andrews Drive, and physically posted notice at the subject property. None of these notices were returned as undeliverable, and there is no indication that petitioner had any reason to believe that an address other than these two would have proved any more successful. In fact, petitioner had used these same addresses with success during previous litigation with respondent, e.g., the litigation involving the 2010 and 2011 tax years, and it was these addresses to which the 2012 tax bill and revised tax bill were successfully sent. In our view, petitioner had no reason to believe that the notices that were sent or delivered were not being received by respondent. Courts have long held that when a government sends notice and receives no indication in response that something has gone awry, which is precisely the case here, the notice is constitutionally valid. See, e.g., *Jones*, 547 US at 226. We therefore conclude that the notice provided to respondent by petitioner was constitutionally sufficient.

While we appreciate the unfortunate circumstances of this case, the circuit court's decision is not supported in fact or law. Primarily, we are not willing to assume that respondent did not receive notice simply because respondent had responded to other notices in the past but did not respond to these. Furthermore, even if we assume that respondent's past conduct is indicative of whether it received adequate notice, we are unable to ascertain what additional steps petitioner might have taken under the facts and circumstances of this case. Multiple notices were sent and delivered to Michael's address and to the subject property, and the circuit court's hypothesis that resending one or more of these notices might have made a difference is not supported by the record. Additionally, we do not agree that petitioner was required to mention the pending foreclosure with respect to the 2012 tax year during oral argument before this Court with respect to the 2010 and 2011 tax years. In short, due process does not require personal

service, *Dow*, 396 Mich at 211, and petitioner should not be faulted for failing to take nonexistent or futile follow-up measures, *Jones*, 547 US at 234.

Accordingly, we reverse the circuit court's opinion and order setting aside the foreclosure on due-process grounds because respondent was not deprived of its constitutional right to due process.

Respondent's cross-appeal presents several alternative arguments for affirming the circuit court's ultimate decision, i.e., its decision to set aside the foreclosure, but each argument is meritless. Respondent argues that the circuit court erred in concluding that petitioner complied with the statutory-notice requirements set forth in the GPTA, but our conclusion above is dispositive of this issue. See MCL 211.78(2) (providing that noncompliance with statutory-notice requirements, alone, does not create a claim unless due-process requirements are also violated). Respondent also argues that the circuit court erred in concluding that it could not set aside the foreclosure for various other reasons, but we agree with the circuit court's conclusion that it lacked authority to set the foreclosure aside absent a due-process violation. As the court acknowledged, respondent did not timely redeem the subject property or appeal the foreclosure; rather, respondent elected to move to set aside the foreclosure after the redemption period had expired. Under these circumstances, the only way to invalidate the judgment of foreclosure was through a finding that its due-process rights were violated. *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 8-11; 732 NW2d 458 (2007).

Reversed and remanded for the entry of a judgment in petitioner's favor. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

-5-