# STATE OF MICHIGAN

# COURT OF APPEALS

FAMILY TRADITIONAL HOLDINGS, LLC,

        Plaintiff-Appellant,

v

WAYNE COUNTY TREASURER,

        Defendant-Appellee.

UNPUBLISHED
November 14, 2017

No. 333349
Wayne Circuit Court
LC No. 15-011612-CH

Before: BECKERING, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(4) and (10). We affirm.

In 2014, defendant initiated foreclosure proceedings against plaintiff's real property for unpaid forfeited 2012 taxes, interest, penalties, and fees (TIPF). On January 6, 2015, plaintiff and defendant entered into a Stipulated Payment Agreement (SPA). In the SPA, plaintiff acknowledged that defendant "filed a Petition for Foreclosure . . . seeking a Judgment of Foreclosure against" the property for forfeited 2012 TIPF. Pursuant to the SPA, defendant agreed to "extend the redemption date" in exchange for plaintiff entering into a payment schedule to pay the full amount of the 2012 TIPF by December 9, 2015. The agreement included a provision stating that if plaintiff failed to pay at least 60% of its 2012 TIPF by June 10, 2015, then plaintiff's property would be foreclosed on and fee simple title would vest in defendant. The SPA also stated that defendant would offer the property "to the State of Michigan, local municipality, and/or county," and that if all entities refused to exercise their purchase options, then the property may be auctioned. Also, pursuant to the SPA, plaintiff "knowingly and voluntarily waived" its "right, if any, to a hearing." Lastly, the SPA provided that any modification to the agreement must be in writing.

Plaintiff failed to follow through with the pay schedule, so defendant foreclosed on the property. Following foreclosure, plaintiff filed the action now on appeal on September 3, 2015. In its complaint, plaintiff alleged that after the foreclosure, defendant's Chief Deputy Treasurer, David Szymanski, contacted plaintiff and offered it "the opportunity to redeem" the property. But, according to plaintiff, when it went to redeem the property, defendant refused to honor plaintiff's agreement with Szymanski.

In response, defendant moved for summary disposition. In its motion, defendant argued that the trial court lacked jurisdiction to grant the relief requested by plaintiff. Defendant argued that the trial court could only grant plaintiff's requested relief if plaintiff was denied due process, and that because the SPA afforded plaintiff due process, the trial court was without jurisdiction. In the alternative, defendant argued that (1) the alleged verbal agreement was disputed by an affidavit by Szymanski stating that he did not remember any agreement with plaintiff and that there was no record of a verbal agreement in defendant's files, and (2) the SPA specifically stated that any modification to their agreement needed to be in writing.

Plaintiff filed a response, arguing that the trial court had jurisdiction to hear this case because plaintiff was asserting that the SPA and subsequent verbal agreement did not provide plaintiff with sufficient notice of the foreclosure. Plaintiff asserted that defendant was required to provide plaintiff with actual notice and that the SPA did not accomplish that purpose. Plaintiff further submitted that there was a question of fact regarding the verbal agreement, and if it existed, then it established that plaintiff did not have sufficient notice of when its full TIPF was due so it could redeem its property.

At a hearing on defendant's motion, the trial court ruled that the SPA provided plaintiff with actual notice of the foreclosure proceedings. The trial court further found that plaintiff's assertions regarding the verbal agreement were "immaterial" because the parties agreed that the SPA could only be modified in writing. As such, a verbal agreement was nonbinding on the parties. The trial court then granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(4) and (10).

On appeal, plaintiff challenges whether the trial court properly determined that it had notice of the foreclosure proceedings. However, before addressing the merits of plaintiff's argument, we must first address defendant's challenge to this Court's jurisdiction. Defendant asserts that this Court "does not have jurisdiction . . . under MCR 7.203" because the order appealed from is a postjudgment order rather than a final order, and the order that should have been appealed is the trial court's judgment of foreclosure in the separate case. In support of its assertion, defendant cites to MCL 211.78k(7), which states, "To appeal the circuit court's judgment foreclosing property, a person appealing the judgment shall pay to the county treasurer the amount determined to be due . . . within 21 days of the entry of a judgment foreclosing the property . . . together with a notice of appeal." However, in *In re Treasurer of Wayne Co for Foreclosure*, 478 Mich 1, 10-11; 732 NW2d 458 (2007) (*Perfecting Church*), the Michigan Supreme Court held as follows:

> [I]n cases where the foreclosing entity fails to provide *constitutionally adequate* notice, MCL 211.78k permits a property owner to be deprived of the property without due process of law. Because the Legislature cannot create a statutory regime that allows for constitutional violations with no recourse, that portion of the statute purporting to limit the circuit court's jurisdiction to modify judgments of foreclosure is unconstitutional and unenforceable *as applied to property owners who are denied due process*. [Second emphasis added.]

Thus, the trial court properly considered whether plaintiff received constitutionally adequate notice, see *In re Ingham Co Treasurer*, 495 Mich 1001 (2014) (remanding the case to the circuit

court "for consideration of whether the petitioners were given adequate notice prior to the foreclosure of the property"), and we can properly review the trial court's determination with respect to that limited issue on appeal, MCR 7.202(6)(a)(*i*); MCR 7.203(A)(1). Having concluded that plaintiff's appeal is properly before this Court, we hold that the trial court did not err by finding that plaintiff received constitutionally adequate notice and granting summary disposition in favor of defendant under MCR 2.116(C)(4) and (10).

"We review de novo a trial court's grant of summary disposition." *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition under MCR 2.116(C)(10) is proper if "the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is . . . entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). Summary disposition pursuant to MCR 2.116(C)(4) "is appropriate when the trial court 'lacks subject matter jurisdiction.' " *Packowski v United Food & Commercial Workers Local 951*, 289 Mich App 132, 138; 796 NW2d 94 (2010), quoting MCR 2.116(C)(4). "For jurisdictional questions under MCR 2.116(C)(4), this Court determine[s] whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate . . . [a lack of] subject matter jurisdiction." *Packowski*, 289 Mich App at 138-139 (citation and quotation marks omitted; alterations in original).

Every property owner has a constitutional right to the due process of law in proceedings for tax foreclosure. US Const, Am V and XIV; Const 1963, art I, § 17; *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008). "[B]efore forcing a citizen to satisfy his debt by forfeiting his property, due process requires the government to provide adequate notice of the impending taking." *Jones v Flowers*, 547 US 220, 234; 126 S Ct 1708; 164 L Ed 2d 415 (2006).

On appeal, plaintiff argues that defendant failed to afford plaintiff due process because defendant failed to satisfy the notice requirements in MCL 211.78k(5)(f), which provide in pertinent part as follows:

> A person shall be deemed to have been provided notice and an opportunity to be heard . . .if 1 or more of the following apply:
>
> \* \* \*
>
> (iii) Before the hearing under this section, the person had actual notice of the hearing.

However, plaintiff's argument fails to acknowledge that statutory notice is distinct from constitutional notice, and only inadequate constitutional notice entitles plaintiff to title of the

property.[1] *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 355; 745 NW2d 137 (2007); see also *Perfecting Church*, 478 Mich at 11 n 19 ("Because the notice provisions [of MCL 211.78k] provide more notice than is required to satisfy due process, the constitution does not require strict compliance with all the statutory notice requirements."). "[W]ith respect to ownership of the property, if constitutionally adequate notice was not provided to [plaintiff], fee simple title" would have remained with plaintiff, "but if constitutionally adequate notice was provided to [plaintiff], fee simple title" would have transferred to defendant. *Gillie*, 277 Mich App at 356; see also MCL 211.78k(6) (following a foreclosure proceeding, the foreclosing governmental unit receives fee simple title to the foreclosed property).

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v Brewer*, 408 US 471, 481; 92 S Ct 2593; 33 L Ed 2d 484 (1972). "A fundamental requirement of due process in such proceedings is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sidun*, 481 Mich at 509 (citation and quotation marks omitted).

Here, the SPA provided plaintiff with notice of the foreclosure proceeding. The SPA informed plaintiff that defendant was pursuing a foreclosure action against it, and the SPA provided plaintiff with a payment plan to pay its overdue TIPF. The SPA was a negotiated agreement; defendant agreed to extend the foreclosure proceedings to allow plaintiff to pay its overdue TIPF in exchange for plaintiff agreeing to enter into a payment schedule. The agreement stated in bold and underline that plaintiff needed to pay 60% of its 2012 TIPF by June 10, 2015 (which it would have done by following the payment plan), or defendant would foreclose on the property. Thus, the SPA notified plaintiff of the proceedings against it and offered plaintiff an opportunity to object, negotiate, or otherwise discuss its options regarding the foreclosure with defendant. See *id*. Therefore, we hold that the SPA provided plaintiff with constitutionally adequate notice of the foreclosure proceedings. See *Perfecting Church*, 478 Mich at 10. And because this notice of the foreclosure proceedings was constitutionally adequate, defendant was permitted to foreclosure on the property pursuant to MCL 211.78k. Accordingly, because it was undisputed that plaintiff signed the SPA, the trial court properly ruled that defendant was entitled to judgment as a matter of law. MCR 2.116(C)(10).

Plaintiff argues that notice was not adequate because the verbal agreement following the foreclosure created "a question of material fact as to whether this new agreement provided adequate notice to [plaintiff] as to when payment of TIPF in full was actually due." However, after the foreclosure judgment was entered, defendant acquired absolute title to the property pursuant to MCL 211.78k(6). See *Gillie*, 277 Mich App at 355 (recognizing that, pursuant to MCL 211.78k(6), "the county would have acquired absolute title through the foreclosure judgment" so long as the interest holders had constitutionally adequate notice of the foreclosure).

---

[1] If defendant did violate MCL 211.78k, plaintiff would be entitled to monetary damages under MCL 211.78*l*(1). However, "[t]he court of claims has original and exclusive jurisdiction" over such actions. MCL 211.78*l*(2).

The alleged verbal agreement took place after the foreclosure had concluded and title had transferred to defendant. Thus, even assuming that there was a question regarding whether the parties entered into a verbal agreement, it was irrelevant to whether plaintiff received constitutionally adequate notice of the foreclosure. Because plaintiff could only collaterally attack the foreclosure based on whether it received constitutionally adequate notice, *Perfecting Church*, 478 Mich at 10-11, and the trial court properly concluded that plaintiff received adequate notice, the trial court correctly dismissed the case for lack of jurisdiction under MCR 2.116(C)(4), see *Perfecting Church*, 478 Mich at 8 ("If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure.").

Affirmed.

/s/ Jane M. Beckering
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron