# STATE OF MICHIGAN

# COURT OF APPEALS

BANTAM INVESTMENTS, LLC,

Plaintiff-Appellant,

v

CITY OF FLINT and GENESEE COUNTY
TREASURER,

Defendants-Appellees.

UNPUBLISHED
December 21, 2017

No. 335030
Genesee Circuit Court
LC No. 16-106502-CH

Before: TALBOT, C.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals by right an August 22, 2016, circuit court order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(4), (C)(8) and (C)(10). For the reasons set forth in this opinion, we affirm.

## I. FACTS

On April 8, 2015, plaintiff purchased an apartment complex in Flint from The Love Foundation, a local non-profit. At the time of the purchase, the property had unpaid property taxes from 2013 and the property was on the tax foreclosure roll.

Thereafter, the Genesee County Treasurer (Treasurer) denied plaintiff's request to enter into a payment plan for the unpaid taxes because the property had been condemned. The circuit court heard arguments on the foreclosure petition on February 22, 2016, and entered an order foreclosing the subject property in the event that the property was not redeemed by March 31, 2016.

On March 31, 2016, the last day of the redemption period, plaintiff commenced this suit in the circuit court seeking declaratory relief in the form of an injunction to extend the redemption period. Plaintiff alleged that, in November 2015, prior to the foreclosure proceeding, the City of Flint failed to provide timely notice that it condemned the property. Plaintiff alleged that as a result of the faulty notice, plaintiff was unable to make partial payments for the 2013 taxes and unable to redeem the property by the March 31, 2016 deadline. In conjunction with

-1-

the complaint, plaintiff also moved for a temporary restraining order (TRO) and a preliminary injunction to prevent the foreclosure of the property. On April 4, 2016, the trial court denied the motion for a TRO and a preliminary injunction to stay the foreclosure.[1]

On June 22, 2016, in lieu of filing an answer, the Treasurer moved for summary disposition. The Treasurer argued that it was entitled to summary disposition pursuant to MCR 2.116(C)(4), because, as to the Treasurer, the trial court lacked subject-matter jurisdiction to hear the complaint. The Treasurer argued that plaintiff's hardship, if any, was created pursuant to MCL 211.78k(5)(g), which provides that a final foreclosure order "shall not be modified, stayed, or held invalid after the March 31 immediately succeeding the entry" of the foreclosure judgment. Therefore, the Treasurer argued, plaintiff's complaint amounted to a collateral attack on the foreclosure order and the circuit court could not invoke equity to avoid the application of the statute. The Treasurer argued that, barring a due process issue regarding lack of notice of the foreclosure proceeding, a judgment foreclosing a delinquent property "cannot be amended by the circuit court which entered it."

Plaintiff responded, arguing that its claim sounded in equity and the circuit court had subject-matter jurisdiction to address equitable claims for relief. Plaintiff also argued that the requested relief was consistent with MCL 211.78q(1), which provides that with respect to delinquent property taxes, "a foreclosing governmental unit may create a delinquent property tax installment payment plan for eligible property." Plaintiff also noted that the $90,000 in delinquent taxes potentially included improper water charges.

The City of Flint also moved for summary disposition, mirroring the Treasurer's argument regarding the circuit court's lack of subject-matter jurisdiction under MCL 211.78k(5)(g). Flint argued that the lack of due process foreclosure review exception only applied to issues involving lack of notice of the foreclosure proceeding, not to alleged lack of notice of a municipal condemnation. Flint also argued that plaintiff failed to allege facts that supported a cognizable claim against Flint, where plaintiff was requesting relief from the Treasurer's foreclosure action. Finally, with respect to Flint's alleged failure to provide notice of the municipal condemnation, Flint argued that there was no issue of fact regarding the alleged failure to provide notice of the condemnation. Flint attached a copy of a Certified Mail receipt purportedly acknowledging that plaintiff received notice of the condemnation. Flint argued that the notice complied with Flint City Ordinance 24-3(b).

In response to Flint's motion, plaintiff argued that the circuit court had jurisdiction to decide claims arising in equity. Plaintiff argued that it alleged a valid claim against Flint regarding the propriety of the condemnation and the validity of the amount of back taxes owed on the property. Plaintiff argued that Flint's condemnation of the property prevented plaintiff from benefiting from MCL 211.78q, which allows a municipality to enter into an installment payment plan for delinquent taxes. Plaintiff also argued that it filed its complaint before the redemption period expired on March 31, 2016. Finally, plaintiff disputed that it received proper

---

[1] On May 15, 2016, it appears that plaintiff sold the property to a third-party.

notice where the individual who signed the Certified Mail receipt lacked authority to sign for plaintiff.

The trial court held two separate hearings to address defendants' motions for summary disposition. On July 18, 2016, the trial court held a hearing and following oral arguments, incorporated the Treasurer's brief "as the Court's opinion," and granted summary disposition in favor of the Treasurer pursuant to MCR 2.116(C)(4) for lack of subject-matter jurisdiction. On August 22, 2016, the trial court held oral argument on Flint's motion and granted summary disposition pursuant to MCR 2.116(C)(4), (C)(8), and (C)(10). The trial court entered a written order on August 22, 2016, memorializing its decisions and dismissing the case. The court denied plaintiff's motion for reconsideration on September 12, 2016. This appeal ensued.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition to determine whether the moving party is entitled to judgment as a matter of law." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). The trial court granted summary disposition, in part, pursuant to MCR 2.116(C)(4). Summary disposition pursuant to MCR 2.116(C)(4) "is appropriate when the trial court 'lacks subject matter jurisdiction.' " *Packowski v United Food & Commercial Workers Local 951*, 289 Mich App 132, 138; 796 NW2d 94 (2010), quoting MCR 2.116(C)(4). "For jurisdictional questions under MCR 2.116(C)(4), this Court determine[s] whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate ... [a lack of] subject matter jurisdiction." *Packowski*, 289 Mich App at 138-139 (citation and quotation marks omitted; alterations in original).

In addition, as discussed in further detail below, summary disposition was also proper under MCR 2.116(C)(7). Summary disposition is proper under MCR 2.116(C)(7) where a claim is barred by a prior judgment.

## III. ANALYSIS

In this case, in a separate proceeding, the circuit court entered a judgment of foreclosure on the subject property pursuant to the General Property Tax Act (GPTA), MCL 211.1 *et seq*. In pertinent part, MCL 211.78k(5) provides:

> The circuit court shall enter final judgment on a petition for foreclosure filed under [MCL 211.78h] at any time after the hearing under this section but not later than the March 30 immediately succeeding the hearing with the judgment effective on the March 31 immediately succeeding the hearing for uncontested cases or 10 days after the conclusion of the hearing for contested cases. *All redemption rights to the property expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section*, or in a contested case 21 days after the entry of a judgment foreclosing the property under this section. The circuit court's judgment shall specify all of the following:

* * *

(b) That fee simple title to property foreclosed by the judgment will vest absolutely in the foreclosing governmental unit, except as otherwise provided in subdivisions (c) and (e),[2] *without any further rights of redemption, if all forfeited delinquent taxes, interest, penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property* under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section.

\* \* \*

(g) A judgment entered under this section is a final order with respect to the property affected by the judgment *and except as provided in subsection (7) shall not be modified, stayed, or held invalid after the March 31 immediately succeeding the entry of a judgment foreclosing the property* under this section, or for contested cases *21 days after the entry of a judgment foreclosing the property under this section*. [Emphasis added.]

MCL 211.78k(7) provides that a party may appeal a judgment of foreclosure within 21 days of its entry. *In re Petition by Wayne Co Treasurer for Foreclosure*, 478 Mich 1, 7; 732 NW2d 458 (2007). In general, "[i]f a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure." *Id*. at 8. Rather, a circuit court has jurisdiction to alter a judgment of foreclosure only in limited circumstances involving the denial of due process such as when "the foreclosing entity fails to provide constitutionally adequate notice" of the foreclosure proceeding. *Id*. at 10-11.

As previously noted, on February 22, 2016, in a separate proceeding, the circuit court entered a final judgment of foreclosure on the subject property. Plaintiff does not contest that it received notice of the foreclosure proceeding and plaintiff did not appeal the foreclosure judgment within 21 days in accord with MCL 211.78k(7). Although the complaint was filed on March 31, 2016, the final day of the redemption period, plaintiff failed to redeem the property by March 31, 2016 and title vested solely in Genesee County and Genesee County possessed absolute title to the property as of April 1, 2016. MCL 211.78k(5)(b). Thus, because plaintiff failed to appeal the foreclosure judgment within 21 days, failed to redeem the property during the redemption period, and because there were no viable alleged procedural due process violations in the foreclosure proceeding, as of April 1, 2016, the circuit court did not have jurisdiction to modify, stay, set aside or invalidate the judgment of foreclosure. See *Wayne Co Treasurer*, 478 Mich at 8 ("If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure."). Because the court lacked jurisdiction to alter the judgement of foreclosure, summary disposition was proper under MCR 2.116(C)(4).

---

[2] These exceptions do not apply in the instant case. See MCL 211.78k(5)(c) and (e).

-4-

Plaintiff argues that the court did have jurisdiction because plaintiff filed the complaint on March 31, 2016, the last day of the redemption period. However, as of April 1, 2016, plaintiff had not appealed the judgment of foreclosure or redeemed the property. Accordingly, at that point, the circuit court did not have jurisdiction to modify, alter, or set aside the judgment. *Id*. Moreover, even if plaintiff had filed the complaint with time remaining on the redemption period, dismissal would have been proper under MCR 2.116(C)(7) because the complaint was an improper collateral attack on the foreclosure judgment. As noted above, instead of appealing the judgment of foreclosure within 21 days in accord with MCL 211.78k(7), plaintiff commenced this lawsuit, seeking declaratory relief to extend the redemption period. Plaintiff alleged that it was entitled to an extension of the redemption period because Flint allegedly failed to provide plaintiff notice that the subject property had been condemned.[3] Plaintiff also later challenged the amount of unpaid property tax owing on the subject property.

Plaintiff's arguments concerned the merits of whether the Treasurer could foreclose on the property, issues decided by the circuit court's judgment in the foreclosure proceeding. Plaintiff did not appeal that judgment and its attempt to litigate these issues through filing a new action amounted to an impermissible collateral attack on the foreclosure judgment. See *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995) ("[A] collateral attack occurs whenever a challenge is made to a judgment in any matter other than through a direct appeal."). Indeed, "[i]t is well established in Michigan that, assuming competent jurisdiction, a party cannot use a second proceeding to attack a tribunal's decision in a previous proceeding[.]" *Workers' Compensation Agency Dir. v MacDonald's Indus Prod, Inc. (On Reconsideration)*, 305 Mich App 460, 474; 853 NW2d 467 (2014). Accordingly, summary disposition was also warranted under MCR 2.116(C)(7). See *Scherer v Hellstrom*, 270 Mich App 458, 464; 716 NW2d 307 (2006) (this Court will affirm a lower court when the right result issues albeit for different reasons).

Plaintiff argues that the trial court had jurisdiction to "go beyond the language of MCL 211.78k," and contends that the equities required that Flint provide notice of the condemnation. These arguments also lack any legal merit.

Initially we note that the record showed that Flint did provide notice of the condemnation to plaintiff where, in a lower court brief, Flint attached a copy of the signed receipt showing that plaintiff acknowledged receipt of the notice. Moreover, "[w]hen a statute governs resolution of a particular issue, a court lacks the authority to invoke equity in contravention of the statute." *Thomas v Dutkavich*, 290 Mich App 393, 413, n 9; 803 NW2d 352 (2010). Here, as noted above, "[i]f a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the

---

[3] Plaintiff does not cite any law to support its argument that failure to adhere to a municipal ordinance is grounds to collaterally attack a foreclosure judgment that was entered in accordance with the GPTA. Thus, even assuming that Flint failed to provide notice, plaintiff still would not have a legal basis to collaterally attack the foreclosure judgment.

judgment of foreclosure." *Wayne Co Treasurer*, 478 Mich at 8. The circuit court did not have authority to invoke equity to contravene the strictures of the GPTA.[4]

In sum, the trial court did not err in granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(4) or alternatively under MCR 2.116(C)(7).[5]

Affirmed. Defendants having prevailed, may tax costs. MCR 7.219(A).

/s/ Michael J. Talbot
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

[4] Plaintiff cites *Carola Condo Ass'n v Chappell*, unpublished opinion per curiam of the Court of Appeals, issued July 19, 2016 (Docket No. 325851) to support the proposition that a circuit court may "go beyond the language of MCL 211.78k to assess whether a foreclosure is proper under the principals of equity." However, *Carola Condo* is a non-binding unpublished opinion and it is not persuasive. *Carola Condo* involved a tax foreclosure of a property that was statutorily exempt from taxation. Here, the subject-property was not statutorily exempt from taxation.

[5] Given our holding, we need not address plaintiff's arguments that the trial court erred in also granting summary disposition pursuant to MCR 2.116(C)(8) and (C)(10).